1
2
3
4
5
6
7                   IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9    KHALIFAH E. D. SAIF'ULLAH, et al.,

10              Petitioners,              No. CIV S-06-1083 MCE PAN P

11        vs.

12   ROBERT A. HOREL, Acting Warden,
     et al.,
13
                Respondents.              ORDER
14   _____/

15        Petitioners, thirty-two state prisoners proceeding pro se, have filed an application

16   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  All thirty-two petitioners have signed

17   the petition.  Only one, petitioner Khalifah E. D. Saif'ullah has filed a motion to proceed in

18   forma pauperis.

19        Petitioners seek to proceed with this action as a class action challenge to alleged

20   due process violations by the California Board of Prison Terms (BPT) in parole proceedings

21   during which each petitioner has been denied release on parole.  However, "a litigant appearing

22   in propria persona has no authority to represent anyone other than himself."  Russell v. United

23   States, 308 F.2d 78, 79 (9th Cir. 1962).  For this reason, this action will not proceed as a class

24   action.

25        Petitioners contend that they have each been denied parole as a result of the BPT's

26   use of "erroneous parole procedures in violation of the state and federal constitution" and by

1

decisions which are not supported by "some evidence."  (Petition, filed May 18, 2006, at 5.)  As the claims at bar arise from individual denials of parole, they are personal to each petitioner and each petitioner must file his own individual habeas corpus action.  The petition appears complete as to the claims of petitioner Saif'ullah and he alone has filed a motion to proceed in forma pauperis.  Accordingly, this action will proceed as an individual habeas corpus action as to petitioner Saif'ullah only.[1]

The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately."  Fed. R. Civ. P. 21; Rule 11, 28 U.S.C. foll. § 2254.  Courts have broad discretion regarding severance.  See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).  For the reasons set forth supra, the court will order that petitioners' claims be severed.  Petitioner Saif'ullah will proceed in this action.  Except as specifically provided herein, the remaining petitioners will proceed in habeas corpus actions to be opened by the Clerk of the Court.  Each petitioner will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to randomly assign each new action to a district judge and magistrate judge of this Court.  Each petitioner with be given thirty days to file, in his own action, a petition for writ of habeas corpus and an application for leave to proceed in forma pauperis, using the forms provided by the court with this order.

As noted above, thirty-one petitioners joined with petitioner Saif'ullah in this action.  Court records reflect that the following petitioners already have habeas corpus actions pending in this court challenging the denial of parole at issue in this action:[2]  Warren Bowie,

---

[1]  On November 2, 2006, respondents filed an answer to the claims raised by petitioner Saif'ullah.

[2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   Case No. CIV S-06-777 FCD KJM P; Clarence Young, Case No. CIV S-06-1103 FCD KJM P;

2   and Kevin Robinson, Case No. CIV S-03-2180 GEB JFM P.[3]  Accordingly, the court will not

3   order the Clerk to open new actions for these petitioners.  The court will direct the Clerk of the

4   Court to file a copy of this order and any documents appended to the petition which pertain to the

5   claims of those petitioners to be filed in their respective actions.

6           In accordance with the above, IT IS HEREBY ORDERED that:

7           1.  The actions of the remaining petitioners shall be severed from the action of

8   Saif'ullah and from each other.

9           2.  Petitioner Khalifah D. Saif'ullah shall proceed as the sole petitioner in case

10  No. CIV S-06-1083 MCE PAN P.

11          3.  The Clerk of the Court is directed to:

12              a.  Open a separate civil action for the following petitioners:  Alvin

13          Peavey; Charles Brooks; Leonard Halfin; John L. Smith; George Goings; David

14          Velasquez; Gregory Goss; James Rives; Eugene Noble; Joel D. Sanders; David

15          Collier; Michael L. Espinoza; Aubrey Love; Lonnie Patton; Avelino M. Ramos;

16          James Whittenburg; Charles K. Johnson; Danny Batts; James Prayor; Willie J.

17          Woods; Raymond Moore; James Wortham; Jose G. Reyes; Rolando Santos;

18          Arprubertito Bontilao; Kevin Jackson; Cory Woods; and Demetrius Mitchell;

19  /////

20  /////

21  _____

22      [3]  Inmate David Velasquez has a habeas corpus action pending in this court, Case No. CIV
    S-05-2118 LKK DAD P, in which he challenges a 2004 decision of California Governor Arnold
23  Schwarzenegger to reverse a decision of the BPT granting him a parole date.  By this action, inmate
    Velasquez challenges a February 2005 decision of the BPT denying him parole.   Inmate Gregory
24  Goss has a civil rights action challenging parole procedures pending in this court.  Case No. CIV S-
    05-1500 DFL KJM P.  This court makes no findings whether the action to be opened for inmate
25  Goss' pursuant to this order should be related to that case.  See Local Rule 81-190.  Inmate Kevin
    Jackson has a habeas action pending challenging parole denials, Case No. CIV S-06-1116 LKK
26  DAD P.  This court makes no findings whether the action to be opened for inmate Jackson pursuant
    to this order should be related to or consolidated with that action.  See id.

b .  Randomly assign each new action to a district judge and magistrate judge in accordance with the court's procedures for assignment of civil cases;

c.  File and docket a copy of this order in the file opened for each petitioner referred to in paragraph 3(a) of this order;

d.  Place a copy of the petition filed May 18, 2006, without appended exhibits, in the file opened for each petitioner referred to in paragraph 3(a) of this order;

e.  Place in each new file a copy of the Board of Prison Terms decision and/or California Supreme Court decision, appended to the original petition, for the petitioner to whom the new file is assigned;

f.  Send each petitioner notice of the case number assigned to his own individual action;

g.  File in Case No. CIV S-06-777 FCD KJM P a copy of this order and any exhibits appended to the original petition in this action that pertain to petitioner Warren Bowie;

h.  File in Case No. CIV S-06-1103 FCD KJM P a copy of this order and any exhibits appended to the original petition in this action that pertain to petitioner Clarence Young; and

i.  File in Case No. CIV S-03-2180 GEB JFM P a copy of this order and any exhibits appended to the original petition in this action that pertain to petitioner Kevin Robinson.

4.  The petition of each petitioner except petitioner Saif'ullah is dismissed with leave to amend.

5.  The Clerk of the Court is directed to send each petitioner a new form for filing a habeas corpus action under 28 U.S.C. § 2254 and a new Application to Proceed In Forma Pauperis By a Prisoner.

4

1          6.  Each petitioner is granted thirty days from the date of service of this order to

2    file an amended petition and to either pay the $5.00 filing fee for a habeas corpus action or file an

3    application to proceed in forma pauperis, using the forms provided by the court with this order.

4    Each petitioner's documents must bear the docket number assigned to his own individual case,

5    and each petition must be labeled "Amended Petition."  Each petitioner must file an original and

6    two copies of his amended petition.  Any petitioner who fails to comply with the provisions of

7    this order may face dismissal of his action.

8    DATED:  November 21, 2006.

9

10                         UNITED STATES MAGISTRATE JUDGE

11

12   12

13   saif1083.sev

14

15

16

17

18

19

20

21

22

23

24

25

26