IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COLLIER, | No. CIV S-06-2623-GEB-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| ROBERT A. HOREL, Warden, et al., | |
|     Respondents. | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondents' motion to dismiss (Doc. 14), filed on June 22, 2007. Petitioner has filed an opposition.

      In their motion, respondents argue that the instant petition, which challenges the denial of parole, has become moot because petitioner has subsequently had a new parole hearing which resulted in a recommendation that he be granted parole. Respondents further argue that the governor's reversal of that decision does not change the analysis because petitioner is currently proceeding in state court with a challenge to the governor's reversal and, once exhausted, that challenge would properly be the subject of a new habeas petition in this court. In opposition, petitioner argues that, because his challenge to the prior denial of parole (raised in the instant petition) and his challenge to the current decision of the governor to reverse a

recommendation that petitioner be granted parole (currently pending in state courts) involve the same legal arguments, this petition is not moot.  He asks the court to stay the instant case pending exhaustion of his claims relating to the governor's reversal and allow all claims to proceed under one case once his state court proceedings are completed.

The court does not agree with petitioner that his current challenges in state court, based on the same legal theories as raised in the instant petition, avoid mootness.  Specifically, as respondents argue, the most relief petitioner could obtain on the instant petition would be an order directing that a new parole suitability hearing be held.  Because such a hearing has already been held – which resulted in a decision in petitioner's favor – the court cannot grant any relief <u>on the instant petition</u>.  To the extent petitioner wants to challenge the governor's reversal in this court, he must complete the state court exhaustion process and, once completed, he may file a new federal petition in this court.

Based on the foregoing, the undersigned recommends that:

1. Respondents' motion to dismiss be granted; and

2. This petition be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2007.

*(signature)*
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE